UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80794-CIV-DIMITROULEAS

TONY L. SCOTT,

                                                            Magistrate Judge White

    Plaintiff,

vs.

WARDEN EARNEST A. STEPP,
ANNETTE MORE, JUDY BETHEA, and
JEAN R. DAUPHIN,

    Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**

THIS CAUSE is before the Court upon the Report and Recommendation [DE 44] of Magistrate Judge Patrick A. White, filed September 3, 2008. The Court has conducted a *de novo* review of the Report, the record, Defendants' Motion for Summary Judgment [DE 32], Plaintiff's Affidavit [DE 39], Plaintiff's Rebuttal to Defendants Motion for Dismissal [DE 49], which we construe as Objections to the Magistrate Judge's Report, and is otherwise fully advised in the premises.

The Court agrees with the reasoning and analysis of the Magistrate Judge in determining that the Court should grant Defendants' Motion for Summary Judgment. We agree with the Magistrate Judge, in the Report [DE 44], found that the Defendant should be granted summary

1

judgment as to any ADA claim that might be construed from the Plaintiff's pleadings.[1]
Defendants are also entitled to summary judgment on Plaintiff's claim that the Defendants were deliberately indifferent to his serious medical need for an inmate assistant because of his blindness.  Mr. Stepp, as the warden, did not have the medical training or authority to make such a decision, and there is no evidence that he knew of the holes in the prison yard that were a danger to the Plaintiff without an inmate assistant.  The other Defendants likewise did not have the authority to grant Plaintiff's request.

Defendants are also entitled to summary judgment regarding Plaintiff's care.  First, Mr. Stepp, Nurse Moore, and Dr. Dauphin had little, if any, involvement in Plaintiff's care.  As far as the remaining Defendants' care of Plaintiff following his injury, we agree with the Report that the Plaintiff did not fully exhaust his administrative remedies.  Even if he did exhaust his administrative remedies with regard to the pain he felt in the weeks after the injury, the record shows that the Plaintiff was receiving evaluation, diagnosis, and treatment for the pain.

Plaintiff objects to the Magistrate Judge's determination that Nurse Evans was the person who had the authority to decide whether the Plaintiff needed an inmate assistant.  However, Plaintiff has presented no evidence that any of the Defendants were the actual decision-makers.  Plaintiff also objects to the Defendants' contention that he refused medication at any point, when he only rejected medicine once on the grounds that he was allergic to it.  Whether he rejected medication at any point did not appear to affect the Magistrate Judge's analysis.  Even if the

---

[1] Plaintiff objects to the characterization of his claims as containing any ADA claim, though he intends to present ADA issues at trial.  To the extent that the Plaintiff is actually making any ADA claim, we agree with the Magistrate Judge that he may not bring such a claim for the reasons in the Report.

Magistrate Judge held an incorrect belief that the Plaintiff rejected medicine, the record still reflects that the Plaintiff was consistently receiving evaluation and treatment, and was not denied access to medical care.  Plaintiff's complaints are essentially a difference of opinion between himself and the medical staff, and thus do not rise to the level of a constitutional injury.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 107 (matter of medical judgment do not give rise to a §1983 claim); <u>Ledoux v. Davies</u>, 961 F.2d 1536, 1537 (10th Cir. 1992).

Pursuant to Federal Rule of Civil Procedure 58(a), we shall issue a separate Order entering final judgment.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 44] is hereby **ADOPTED**;

2. Defendants' Motion for Summary Judgment [DE 32] is hereby **GRANTED**;

3. The above-styled action is hereby **DISMISSED with prejudice**;

4. The Clerk shall close this case;

5. All other pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of August, 2009.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Magistrate Judge White

Counsel of record

Tony L Scott
DC #204581
Jefferson Correctional Institution
1050 Big Joe Road
Monticello, FL 32344